**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:** **CHAPTER 11**

**3 G PROPERTIES, LLC,** **CASE NO. 10-04763-8-JRL**

**Debtor.**

**APPLICATION TO EMPLOY BANKRUPTCY COUNSEL FOR DEBTOR**

3 G Properties, LLC, the above named Debtor-in-Possession (the "Debtor"), applies to the Court pursuant to §327 of the Bankruptcy Code and Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure for authority to employ and appoint attorneys for the Debtor. In support of such Application, the Debtor respectfully shows the Court the following:

1. On June 14, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. The Debtor continues in possession of his assets and operates as a debtor-in-possession.

2. The Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§151, 157, and 1334 and the Standing Order of Reference of the United States Bankruptcy Court for the Eastern District of North Carolina, and this is a core proceeding within 28 U.S.C. §157(b)(2).

3. The Debtor wishes to retain and employ, and seek approval by this Court of the employment of Kevin L. Sink, Gregory B. Crampton of the law firm of Nicholls & Crampton, P.A. ("N&C"or "Firm"). Both Kevin L. Sink and Gregory B. Crampton are attorneys duly admitted to practice in this Court.

4. The Debtor has selected Kevin L. Sink and Gregory B. Crampton for the reason that they have considerable experience in Chapter 11 reorganization matters, and the Debtor believes that Kevin L. Sink, Gregory B. Crampton, and N&C are well-qualified to represent it in this proceeding.

5. The professional services said Kevin L. Sink, Gregory B. Crampton and N&C are to render are:

a. To give legal advice with respect to their duties and powers;

b. To prepare on behalf of the Debtor necessary applications, complaints, answers, orders, reports, motions, notices, plan of reorganization, disclosure statement and other papers necessary in Debtor's reorganization case.

c. To perform all necessary legal services in connection with the Debtor's reorganization, including Court appearances, research, opinions and consultations on reorganization options, direction and strategy; and

d. To perform all other legal services as may be required and in the interest of the Debtor, including but not limited to the commencement and pursuit of such adversary proceedings as may be appropriate and in the interest of the Debtor.

6. The Debtor desires to employ Kevin L. Sink, Gregory B. Crampton, and N&C on an hourly basis for work performed. The terms of the employment of Kevin L. Sink, Gregory B. Crampton and N&C as agreed to by the Debtor as set out in an Engagement Letter dated July 11, 2010, which was executed the by the Debtor, are as follows:

(1) payment of a retainer in the amount of $100,000.00, which retainer shall first be applied to immediate payment of all Firm services rendered and expenses incurred at the hourly rates referenced herein; (2) the $100,000.00 retainer shall reserve the services of this Firm on behalf of the Company, calculated at the rate of $400.00 per hour for Gregory B. Crampton, $325.00 per hour for Kevin L. Sink and $300.00 for any other attorneys in the Firm, and $110.00 per hour for paralegal time; (3) the retainer shall be deposited in the Firm's Administrative Trust Account to secure the payment of services rendered and expenses incurred by this Firm in accordance with the provisions of (5) below and, as applicable after the filing of the Chapter 11 Petition, pending an appropriate Order of the United States Bankruptcy Court; (4) advance payment of expenses; and (5) any services rendered will be compensated at the hourly rates cited above. The hourly rates recited above are subject to increase consistent with the respective attorney's then current hourly rate charged for similar services. An additional **$1,039.00** for each separate filing fee to be paid to the Clerk of the United States Bankruptcy must also be paid with the retainer amount. The remaining amount of the retainer held by the Firm immediately before the filing of the Chapter 11 Petition, **after** payment of fees and expenses incurred by the Firm up to the Chapter 11 Petition Date, will be held in the Nicholls & Crampton, P.A. Administrative Trust Account (the remaining balance of retainer, is referred to as the "Escrow Retainer"). Attorney for Debtor fees and costs allowed by specific Court Order in the Chapter 11 case shall be first paid by the Debtor from available funds on hand, with the Escrow Retainer being held as a last source of payment of such allowed fees and costs.

7. The Debtor has requested that N&C represent its interest in the Chapter 11 filing after full consideration of the disclosures made above.

8. Kevin L. Sink, Gregory B. Crampton and N&C represent no interest adverse to the Debtor or the estate in the matters upon which they are to be engaged for the Debtor, and the employment would be in the best interest of the estate.

WHEREFORE, the Debtor prays that he be authorized to employ and appoint Kevin L. Sink, Gregory B. Crampton and the law firm of Nicholls & Crampton, P.A. as its attorneys, and that he have such other and further relief as is just.

This the 28th day of June, 2010.

3 G Properties, LLC

By: [signature]
James M. Adams, Sr., Member

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:** **CHAPTER 11**

**3 G PROPERTIES, LLC,** **CASE NO. 10-04763-8-JRL**

**Debtor.**

**AFFIDAVIT OF DISINTERESTEDNESS AND IN SUPPORT OF APPLICATION TO EMPLOY BANKRUPTCY COUNSEL FOR DEBTOR**

STATE OF NORTH CAROLINA
COUNTY OF WAKE

Kevin L. Sink and Gregory B. Crampton (collectively, "Counsel") of Nicholls & Crampton, P.A. ("N&C"), being first and duly sworn, aver and say that:

1. They are attorneys duly licensed to practice law in the State of North Carolina and in this Court.

2. They practice law in a professional corporation under the firm name of Nicholls & Crampton, P.A., located at 3700 Glenwood Avenue, Suite 500, Raleigh, North Carolina 27612.

3. Neither Gregory B. Crampton, Kevin L. Sink, nor N&C has any business connections with the above-named Debtor, its creditors, or any other party in interest, or its respective attorneys or accountants except as disclosed below.

4. Neither Kevin L. Sink, Gregory B. Crampton, nor N&C represents or holds any adverse interest to the Debtors or their estate in the matters upon which they are to be engaged and therefore are disinterested persons as defined in 11 U.S.C. Section 101.

5. Kevin L. Sink, Gregory B. Crampton, and N&C have entered into an agreement with the Debtor regarding representation and fees dated July 11, 2010 (the "Engagement Letter") which provides for:

> (a) payment of a retainer in the amount of $100,000.00, which retainer shall first be applied to immediate payment of all Firm services rendered and expenses incurred at the hourly rates referenced herein; (b) the $100,000.00 retainer shall reserve the services of this Firm on behalf of the Company, calculated at the rate of $400.00 per hour for Gregory B. Crampton, $325.00 per hour for Kevin L. Sink and $300.00 for any other attorneys in the Firm, and $110.00 per hour for paralegal time; (c) the retainer shall be deposited in the Firm's Administrative Trust Account to secure the payment of services rendered and expenses incurred by this Firm in accordance with the provisions of (e)

below and, as applicable after the filing of the Chapter 11 Petition, pending an appropriate Order of the United States Bankruptcy Court; (d) advance payment of expenses; and (e) any services rendered will be compensated at the hourly rates cited above. The hourly rates recited above are subject to increase consistent with the respective attorney's then current hourly rate charged for similar services. An additional **$1,039.00** for the filing fee to be paid to the Clerk of the United States Bankruptcy must also be paid with the retainer amount. The remaining amount of the retainer held by the Firm immediately before the filing of the Chapter 11 Petition, **after** payment of fees and expenses incurred by the Firm up to the Chapter 11 Petition Date, will be held in the Nicholls & Crampton, P.A. Administrative Trust Account (the remaining balance of retainer, is referred to as the "Escrow Retainer"). Attorney for Debtor fees and costs allowed by specific Court Order in the Chapter 11 case shall be first paid by the Debtor from available funds on hand, with the Escrow Retainer being held as a last source of payment of such allowed fees and costs.

7. Pursuant to the terms of the Engagement Letter, N&C was paid from the retainer the amount of $28,125.00, which includes reimbursement for the $1,039.00 Chapter 11 filing fee amount and for services rendered prior to the June 14, 2010 Chapter 11 filing. Of the $1,039.00 Chapter 11 filing fee amount received and deposited into the N&C Trust account, $1,039.00 was paid to the United States Bankruptcy Clerk via conduit of credit card charge at the time of the electronic filings and reimbursed to N&C. Pre-petition payments were made by accounting entry and trust fund transfer prior to the June 14, 2010 petition filings. All payments made were related to services rendered or expenses incurred prior to the June 14, 2010 Petition filing. The Engagement Letter provides that the retainer payment be first applied to immediate payment of all N&C services rendered and expenses incurred prior to the filing of the Chapter 11 petition at the hourly rates referenced above and in the Engagement Letter. A redacted copy of the Engagement Letter is attached hereto as Exhibit A and incorporated by reference.

8. The initial $100,000.00 retainer, plus $1,039.00 filing fee amount, was applied as follows: $27,086.00 paid to N&C pre-petition for pre-petition services rendered and expenses incurred (excludes filing fee reimbursement); and $72,914.00 of the retainer is held in trust as set out above.

9. There are no further undertakings by these or any other person or entities to pay the post-petition fees or expenses of the Debtor. Counsel further state that no understanding or agreement exists for a division of fees or compensation between Counsel and any other person or entity, except any agreement they may have for the sharing of their compensation with members of their law firm.

10. The filing fee of $1,039.00 was paid to N & C by St. Ives Commercial Properties, LLC, an affiliate of the Debtor.

11. Nicholls & Crampton, P.A., Kevin L. Sink, and Gregory B. Crampton have also

previously represented James M. Adams, Sr. and James D. Goldston, III, principals of the Debtor, in connection with certain bank loans/relationships, but not as attorney of record in a litigation context (other than a voluntary acceptance of service). In addition, Nicholls & Crampton, P.A. has and may continue to represent certain affiliates of the Debtor in connection with matters unrelated to the Debtor. Such affiliates are not creditors of the Debtor and do not owe any monies to the Debtor.

Kevin L. Sink

Sworn to and subscribed before me,
this 29th day of June, 2010.

Notary Public

My commission expires: 8-21-10



NICHOLLS & CRAMPTON, P.A.

ATTORNEYS AT LAW

W. Sidney Aldridge
Robin Adams Anderson
Gregory B. Crampton†
Nicholas J. Dombalis II
Randolph Morgan III
F. Timothy Nicholls
Kevin L. Sink††

† Board Certified Specialist in Bankruptcy Law
†† Board Certified Specialist in Business Bankruptcy Law

3700 Glenwood Avenue
Suite 500
Raleigh, North Carolina 27612

*Mailing Address:*
Post Office Box 18237
Raleigh, North Carolina 27619

(919) 781-1311
FAX (919) 782-0465

June 11, 2010

James M. Adams, Sr.,
Manager of 3 G Properties, LLC
818 D. White Street
Wake Forest, NC 27587

Re: 3 G Properties, LLC
Chapter 11 Filing; Engagement Letter

Dear Jim:

You have contacted us regarding the representation by Nicholls & Crampton, P.A. (the "Firm") of 3 G Properties, LLC, a North Carolina limited liability corporation, with its principal place of business located at 818 D. White Street, Wake Forest, North Carolina 27587 (the "Company") in connection with certain business planning issues and a possible Chapter 11 filing in the United States Bankruptcy Court in the Eastern District of North Carolina. It is our understanding that you are a Manager of the 3 G Properties, LLC, and that you are authorized to act on behalf of the Company.

We understand that the Company may need to seek protection under the provisions of Chapter 11 of the United States Bankruptcy Code to preserve its current business operations, to preserve its asset values, and to reorganize and restructure its debts. We have discussed the necessity of the payment of a retainer in connection with our representation and in connection with the filing of the Chapter 11 case. Chapter 11 filings involve a tremendous amount of front-end work for Debtor's counsel. After the filing of a Chapter 11 petition, Debtor's counsel can only apply for attorney fees every four months, unless otherwise authorized by the Court, and can only be paid by Order of the Court after notice to all creditors and a hearing on the attorney fee application. The required retainer amount is not intended to be an estimate of the total cost of this Firm's representation of the Company, which may be substantially greater, but is merely an initial condition precedent to our representation.

The basis upon which Nicholls & Crampton, P.A. will undertake representation of the Company in connection with a possible Chapter 11 filings is as follows: (1) payment of a retainer in the amount of $100,000.00, which retainer shall first be applied to immediate payment of all Firm services rendered and expenses incurred at the hourly rates referenced herein; (2) the $100,000.00 retainer shall reserve the services of this Firm on behalf of the Company, calculated at the rate of $400.00 per hour for Gregory B. Crampton, $325.00 per hour for Kevin L. Sink and $300.00 for any other attorneys in the Firm, and $115.00 per hour for paralegal time; (3) the retainer shall be deposited in the Firm's Administrative Trust Account to secure the payment of services rendered and expenses incurred by this Firm in accordance with



the provisions of (5) below and, as applicable after the filing of the Chapter 11 Petition, pending an appropriate Order of the United States Bankruptcy Court; (4) advance payment of expenses; and (5) any services rendered will be compensated at the hourly rates cited above. The hourly rates recited above are subject to increase consistent with the respective attorney's then current hourly rate charged for similar services. An additional **$1,039.00** filing fee to be paid to the Clerk of the United States Bankruptcy must also be paid with the retainer amount. The remaining amount of the retainer held by the Firm immediately before the filing of the Chapter 11 Petition, **after** payment of fees and expenses incurred by the Firm up to the Chapter 11 Petition Date, will be held in the Nicholls & Crampton, P.A. Administrative Trust Account (the remaining balance of retainer, is referred to as the "Escrow Retainer"). Attorney for Debtor fees and costs allowed by specific Court Order in the Chapter 11 case shall be first paid by the Company from available funds on hand, with the Escrow Retainer being held as a last source of payment of such allowed fees and costs.

The retainer arrangement and fees paid to this Firm in connection with a Chapter 11 filings are subject to review of the United States Bankruptcy Court pursuant to 11 U.S.C. § 329(b), and the Escrow Retainer amount referenced above is subject to Bankruptcy Court approval pursuant to 11 U.S.C. §330. The filing fee of $1,039.00 would be paid to the United States Bankruptcy Court Clerk's Office in connection with the Chapter 11 filing. The funds necessary as an initial condition precedent to our representation in connection with a Chapter 11 filing is the amount of **$101,039.00** ($100,000.00 retainer and $1,039.00 filing fee).

Please contact me if you have any questions regarding the enclosed. Otherwise, please execute the Acceptance and Consent at the bottom of this letter and return the executed original to us.

Sincerely,

Greg Crampton

Gregory B. Crampton

*GBC/ph*

ACCEPTANCE AND CONSENT:

The terms of representation as set out above are accepted.

3 G Properties, LLC
a North Carolina limited liability company

By James M. Adams, Sr.
James M. Adams, Sr., Manager
of 3 G Properties, LLC

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **APPLICATION TO EMPLOY BANKRUPTCY COUNSEL FOR DEBTOR** and **AFFIDAVIT** was served this day by CM/ECF electronic e-mail service as follows:

VIA CM/ECF EMAIL SERVICE ONLY
Marjorie K. Lynch
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895

This 29th day of June, 2010.

s/Jennifer H. Davison
Jennifer H. Davison
Paralegal
Nicholls & Crampton, P.A.
P. O. Box 18237
Raleigh, NC 27619

*O:\CH11 DEB\3 G Properties, LLC\Attorney.appoint.app.wpd*